UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILFREDO POLANCO,

            Plaintiff,

      -v-

JACQUELINE A. LEVITT, et al.,

            Defendants.

DECISION AND ORDER
06-CV-6396 CJS

      This is an action pursuant to 42 U.S.C. § 1983, brought by Wilfredo Polanco ("Plaintiff"), a prison inmate proceeding *pro se*. Now before the Court are two applications for injunctive relief [#16] [#17] by Plaintiff. For the reasons discussed below, those applications are denied.

BACKGROUND

      Plaintiff is presently incarcerated in Auburn Correctional Facility ("Auburn"). However, Plaintiff's claims in this action involve events that allegedly occurred at Wende Correctional Facility ("Wende"), and the named defendants are all employees of Wende. The facts of the case are generally set forth in two prior Decisions and Orders of the Court [#13] [#15]. In brief, Plaintiff alleges that while at Wende, he was denied medical care and forced to endure unsanitary living conditions. On or about July 31, 2007, the Clerk of the Court issued Summonses and arranged to have the United States Marshal serve the Summonses and Amended Complaint. To date, it does not appear that any of the named defendants have been served.

The subject applications for injunctive relief involve Auburn, not Wende. Specifically, Plaintiff alleges that unnamed medical personnel at Auburn are denying him orthopedic boots. (Pl. Aff. [#16]) Further, he alleges that he should be allowed to consult with a medical specialist outside the prison. (Pl. Aff. [#17])

DISCUSSION

The standard to be applied when considering an application for a preliminary injunction is well settled:

> In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor.

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996) (citations and internal quotation marks omitted).

In this case, Plaintiff's allegations in support of the applications for injunctive relief are insufficient because they do not involve Wende or any of the named defendants in this action. *See*, *Vega v. Lantz*, No. 3:04CV1215(DFM), 2006 WL 2642416 at *2 (D.Conn. Sep. 14, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.") (citation omitted).  Nor does the Court have personal jurisdiction in this action over anyone at Auburn. *See, In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir.,2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). Consequently, Plaintiff's applications must be denied.

CONCLUSION

For the foregoing reasons, Plaintiff's applications for injunctive relief [#16] [#17] are denied.

SO ORDERED.

Dated:   September 28, 2007
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge